**MICKALIS PAWN SHOP, LLC and Larry Mickalis, Individually,**
Plaintiffs,

v.

**Michael BLOOMBERG, Mayor of the City of New York, in his capacity as Mayor of New York City, and Individually; The City of New York, a New York Corporation; James Mintz Group, Inc., a Delaware corporation; Connie Reaves, a South Carolina Resident; and John Doe, Investigator, F.N.U/L.N.U., as yet unidentified, Defendants.**

**C.A. No.: 2:06–02794–PMD.**

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 21, 2006.

Carl Everette Pierce, II, Pierce Herns Sloan and McLeod, Justin Simon Kahn, Kahn Law Firm, Charleston, SC, for Plaintiffs.

George Trenholm Walker, Pratt–Thomas Pearce Epting and Walker, Thomas H. Hesse, Pratt–Thomas Epting Walker, Charleston, SC, Kenneth W. Taber, Pillsbury Winthrop Shaw Pittman, Melanie Ct Ash, Richard J. Costa, New York City

Law Department, New York City, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Defendant Michael Bloomberg's, Defendant the City of New York's, Defendant James Mintz Group, Inc.'s, and Defendant Connie Reaves' (collectively referred to as "Defendants") Motion to Enlarge Defendants' time (1) to respond to Plaintiffs' Motion to Remand and (2) to move to dismiss Plaintiffs' complaint. For the reasons set forth herein, the court denies Defendants' motion.

## BACKGROUND

On May 15, 2006, the City of New York (the "City") filed suit in the United States District Court for the Eastern District of New York ("New York Action") against Mickalis Pawn Shop, LLC ("Mickalis Pawn"), a pawn shop owned by Larry Mickalis and located in Summerville, South Carolina. This suit also named fourteen other firearms dealers in Georgia, Ohio, Pennsylvania, and Virginia as defendants, alleging public nuisance and negligence against the firearms dealers for selling guns recovered from illegal possessors in the City or guns later connected with a crime in the City. In a press conference also held on May 15, 2006, Mayor Bloomberg stated,

> Between 1994 and 2001, guns purchased from these 15 dealers had been traced to more than 500 serious crimes in New York City including 20 actual or attempted homicides. Sometimes, the crimes were committed just days or weeks after the gun was bought; a sure sign that they were purchased for resale on the streets or cities across America, including our great city.... Our suit offers clear and compelling evidence that guns sold by these dealers are used in

crimes by people ineligible to own a gun far more frequently than guns from other dealers. In other words, these dealers are the worst of the worst. They were either intentionally or negligently selling handguns in a manner that violates Federal Law usually by selling to straw purchasers.

Michael Bloomberg, Mayor of the City of N.Y., Press Conference on Suit Against Firearms Dealers (May 15, 2006). Mayor Bloomberg further stated, "We targeted those irresponsible dealers and we caught many of them red-handed," and he described how undercover investigators made simulated straw purchases from the firearms dealers named in the City's suit. *Id.*

On August 16, 2006, Mickalis Pawn and Larry Mickalis ("Mr.Mickalis") filed suit against Defendants in the Court of Common Pleas, Berkeley County ("South Carolina Action"). In the complaint, Mickalis Pawn and Mr. Mickalis allege that Mickalis Pawn "has never been charged by any law enforcement agency for illegally selling firearms" and that "Defendants manufactured the underlying lawsuit and published the false and defamatory statements about Mickalis Pawn Shop as a political maneuver ..." (Complaint ¶¶ 12, 40.) Mickalis Pawn and Mr. Mickalis thus brought the following causes of action against Defendants:

1. Conspiracy
2. Fraud
3. Constructive fraud
4. Libel and slander
5. Violation of the South Carolina Unfair Trade Practices Act
6. Violation of the South Carolina Frivolous Civil Proceedings Sanctions Act
7. Abuse of process, and
8. Intentional infliction of emotional distress/outrage.

(*See* Complaint.) Defendants then filed Notice of Removal on October 6, 2006, asserting this court "has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because at least one of Plaintiffs' claims ... 'aris[es] under the Constitution, laws or treaties of the United States[.]' " (Notice of Removal ¶ 6.)

On November 3, 2006, Plaintiffs filed a Motion to Remand. A few days later, on November 9, Defendants filed a Motion for Enlargement of Time (1) to respond to Plaintiffs' Motion to Remand and (2) to move to dismiss Plaintiffs' complaint. Defendants seek to enlarge the time to "forty-five (45) days after an unfavorable decision by Senior District Judge Jack B. Weinstein of the Eastern District of New York, in the related case of *The City of New York v. Al Jewelry & Pawn, Inc.*, et al., 06 CV 2233 (E.D.N.Y.)." (Defendants' Motion at 1.) The matter before Judge Weinstein is the Defendants' Motion to Stay Duplicative Proceedings; Defendants seek an order enjoining "Mickalis Pawn Shop, LLC, [and] their agents and principals, from initiating or prosecuting any actions against the City of New York, its officers or agents, that arise out of or relate to the claims at issue" in the New York Action. (Declaration of Richard J. Costa, Exhibit A.) Defendants' Motion to Stay Duplicative Proceedings is scheduled for argument before Judge Weinstein on November 28, 2006. Plaintiffs filed an Opposition to Defendants' Motion for Enlargement of Time on November 14, to which Defendants filed a reply on November 15. Finally, Plaintiffs filed a surreply on November 16.

### ANALYSIS

Federal Rule of Civil Procedure 6(b) governs enlargement of time periods prescribed by the Federal Rules of Civil Procedure or by court order. Rule 6(b) states,

**(b) Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Fed.R.Civ.P. 6(b). Furthermore, pursuant to Local Rule 6.01, a party seeking an enlargement of time must also include in the motion the number of additional days requested, as well as the proposed date of the new deadline. Local Rule 6.01, D.S.C.

The Defendants' response to Plaintiffs' Motion to Remand is due November 24, 2006. As the time for filing a response has not yet passed, Rule 6(b)(1) governs Defendants' Motion to Enlarge Time. Pursuant to Rule 6(b), "any extension of a time limitation must be 'for cause shown.' " *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). " '[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party.' " *Koehler v. Dodwell*, 215 F.3d 1319, 2000 WL 709578, *3 (4th Cir. 2000) (unpublished table decision) (quoting 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (2d ed.1987)). Like the other Federal Rules of Civil Procedure, Rule 6 is to "be construed and administered to secure the just, speedy, and inexpensive determi-

nation of every action." Fed.R.Civ.P. 1; *see also Koehler*, 215 F.3d 1319, at 2000 WL 709578, *3; 4B WRIGHT & MILLER § 1165.

In arguing this court should grant their Motion to Enlarge Time, Defendants assert that if they are successful in their Motion to Stay Duplicative Proceedings in the New York Action, "it will serve no useful purpose for Defendants to respond to the motion to remand in this Court or to file their motion to dismiss in this Court ..." (Declaration of Richard J. Costa ¶ 13.) The crux of this argument appears to be that if successful on the motion in the New York Action, Mickalis Pawn and Mr. Mickalis will be enjoined from prosecuting the South Carolina Action because it is a compulsory counterclaim to the New York Action. Furthermore, Defendants assert that if unsuccessful on their motion in the New York Action, "Plaintiffs will suffer no demonstrable harm from the delay occasioned by Judge Weinstein's consideration of the Motion to Stay." (Declaration of Richard J. Costa ¶ 14.) On the other hand, Plaintiffs oppose Defendants' Motion to Enlarge Time, asserting that Defendants "are simply seeking an indefinite delay." (Plaintiffs' Opposition at 2.) Plaintiffs note that Defendants "placed this case before this Court asserting subject matter jurisdiction exists" but now want to delay responding to Plaintiffs' Motion to Remand and want additional time to file a motion to dismiss. (Plaintiffs' Opposition at 2.)

This court agrees with Plaintiffs and therefore denies Defendants' Motion to Enlarge Time. When Defendants filed their Notice of Removal, Defendants asserted this court has jurisdiction pursuant to 28 U.S.C. § 1331 and cited several authorities to support this assertion. (*See* Notice of Removal ¶¶ 6–13.) Having done the research necessary for filing the Notice of Removal, Defendants should be able to respond to Plaintiffs' Motion to Remand. Furthermore, Defendants seek to enlarge the time to forty-five days after an unfavorable decision by Judge Weinstein. Although argument on the Motion to Stay Duplicative Proceedings is set for November 28, 2006, seeking an extension to forty-five days after an unfavorable decision is, as Plaintiffs say, seeking an indefinite delay.[1] Defendants will incur some expenses in responding to Plaintiffs' Motion to Remand and in filing a motion to dismiss, but this court believes such expenses are consistent with the purpose of the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 1. Finally, although Defendants argue that Plaintiffs will not suffer any prejudice if this court grants the Motion to Enlarge Time, this court disagrees. The facts alleged in Plaintiffs complaint indicate Mr. Mickalis has suffered injury to his reputation and that Mickalis Pawn has likewise been injured. (*See, e.g.,* Complaint ¶¶ 46, 64.) In the court's opinion, allowing this alleged injury to remain unaddressed for an indefinite period of time does prejudice the Plaintiffs. Although Defendants assert the fact that Plaintiffs waited three months after the New York Action was filed before filing the South Carolina Action indicates a delay will not be prejudicial, this court does not view such a small delay as evidence that an

---

1. In their Reply to Plaintiffs' Opposition, Defendants state, "Should the open ended nature of Defendants' request trouble the Court, Defendants would request, in the alternative, that the Court grant Defendants' motion for an enlargement of time to respond to the Motion to Remand and to file its Motion to Dismiss as requested, subject to revisiting the issue in 30 days." (Defendants' Reply at 2.) The court declines Defendants' invitation, however, as this request, much like the original one, does not require Defendants to respond to Plaintiffs' Motion to Remand or to file a motion to dismiss within a definite period of time.

indefinite delay will not be prejudicial. Accordingly, Defendants' Motion to Enlarge Time is denied.

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendants' Motion to Enlarge Time is **DENIED.**

**AND IT IS SO ORDERED.**